**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Walter E. Sample; Sherry L. Earle Revocable Living Trust; San Simon Gin, Inc.; and Lesco Enterprises, Inc., for themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Qwest Communications Company, LLC; Level 3 Communications, LLC; Sprint Communications Company, L.P.; and WilTel Communications, LLC,<br><br>Defendants. | No. CV 10-08106-PCT-NVW<br><br>**ORDER** |

On May 26, 2011, the parties to this action submitted a Joint Motion for Certification of Settlement Class, Preliminary Approval of Class-Action Settlement, and Approval of Form and Notice (Doc. 57). The proposed settlement sought to resolve trespass, unjust enrichment, and other related claims held by Arizona landowners against the Defendant telecommunications companies arising out of the installation of fiber-optic cable on railroad rights of way by the settling Defendants. A nationwide settlement was proposed in 2001 in the United States District Court for the Northern District of Illinois. After years of attempting to receive approval for the nationwide settlement, the parties eventually agreed to pursue separately negotiated, state-by-state settlements. As of the filing of the parties' motion for certification of the settlement class and preliminary settlement approval, there were "approximately seventy" similar cases pending "in other

state and federal courts[.]"[1] (Doc. 58 at 2.)  The parties have obtained approval of similar settlements in several other districts.  *See, e.g.*, *Moore, et al. v. Sprint Commc'ns, et al.*,

---

[1] These cases include: Northern District of Alabama: *Hubbard A. Moore, et al. v. Sprint Commc'cs, et al.,* C.A. 2:02–01338; *Hubbard A. Moore, et al. v. Williams Commc'ns, et al.,* C.A. No. 2:02–01447; Eastern District of Arkansas: *Don Wayne McDaniel v. Sprint Commc'ns Co., et al.*, C.A. No. 4:11–00282; Eastern District of California: *Dirk Regan, et al. v. Qwest Commc'ns Int'l Inc., et al.*, C.A. No. 2:01–00766; Northern District of California: *Todd Smith v. Qwest Commc'ns Co., LLC, et al.*, C.A. No. 5:11–02599; District of Connecticut: *Caitflo, L.L.C., et al. v. Sprint Commc'ns Co., L.P., et al.*, C.A. No. 3:11–00497; District of Idaho: *Dennis Koyle, et al. v. Level 3 Commc'ns, Inc., et al.*, C.A. No. 1:01–00286; Northern District of Illinois: *Don Wayne McDaniel, et al. v. Qwest Commc'ns Corp., et al.*, C.A. No. 1:05–01008; District of Kansas: *Howard Cox, et al. v. Sprint Commc'ns Co., L.P.*, C.A. No. 6:10–01262; District of Maine: *Cascade Corp. v. Sprint Commc'ns Co., LP*, C.A. No. 2:11–00125; Eastern District of Michigan: *James Coghlan, et al. v. Sprint Commc'ns Co., L.P., et al.*, C.A. No. 2:11–11563; Eastern District of Missouri: *Patricia Ann Polston v. Sprint Commc'ns Co., L.P.*, et al., C.A. No. 4:10–00749; District of Montana: *Janet Amunrud v. Sprint Commc'ns Co., L.P., et al.*, C.A. No. 1:10–00057; *Flynn Ranch of Townsend v. Sprint Commc'ns Co., L.P.*, C.A. No. 1:11–00047; District of Nevada: *Elizabeth Wear, et al. v. Sprint Commc'ns Co., L.P., et al.*, C.A. No. 2:11–00809; *Carmen Worstell vs Sprint Commc'ns Co., L.P., et al.*, C.A. No. 3:10–00304; District of New Hampshire: *Longa Revocable Trust, et al. v. Sprint Commc'ns Co., L.P.*, C.A. No. 1:11–00172; District of New Mexico: *Dale Fager, et al. v. Qwest Commc'ns Corp.*, C.A. No. 6:10–00498; Northern District of New York: *David Vormwald, et al. v. Sprint Commc'ns Co., L.P, et al.*, C.A. No. 5:11–00329; District of North Dakota: *Marlyn E. Nudell, et al. v. BNSF Railway Co., et al.*, C.A. No. 3:01–00041; District of Oregon: *Byron Scott Farms, Inc., et al. v. Level 3 Commc'ns, LLC, et al.*, C.A. No. 3:10–01066; *Bill Zografos, et al. v. Qwest Commc'ns Corp., et al.*, C.A. No. 6:00–06201; District of Rhode Island: *Scott E. Coombs, et al. v. Sprint Commc'ns Co., L.P.*, C.A. No. 1:11–00144; District of South Dakota: *Milo Knutson v. Sprint Commc'ns Co., L.P.*, C.A. No. 4:11–04041; District of Utah: *Moyle, LLC, et al. v. Level 3 Commc'ns, et al.*, C.A. No. 2:10–00477; Western District of Washington: *William S. Bendixen, et al. v. Sprint Commc'ns Co., L.P., et al.*, C.A. No. 3:11–05274; Northern District of West Virginia: *Terry W. Hess v. Sprint Commc'ns Co., L.P.*, C.A. No. 3:11–00035; District of Wyoming: *Legacy Ranch LLP v. Sprint Commc'ns Co., LP, et al.*, C.A. No. 2:10–00103.  *See In re: Telecomm's Provers' Fiber Optic Cable Installation Lit. (No. III)*, 802 F. Supp. 2d 1364, 1366-67 (U.S. Jud. Pan. Mult. Lit. 2011) (collecting cases).

C.A. No. CV02-1338-PWG (N.D. Ala. 2011) (Doc. 80-1 at 2); *Nudell, et al., v. BNSF Ry. Co., et al.*, C.A. No. CV01-0041-DLH-KKK (D.N.D. 2011) (*Id.* at 12); *Koyle, et al. v. Level 3 Commc'ns, et al.,* C.A. No. CV01-0286-S-BLW (D. Idaho 2011) (Doc. 58-4 at 2). At least some of these settlements include a provision for the grant of an easement deed that is "substantially the same as the Easement Deed by Court Order" that the parties request be approved in their motion for class certification and preliminary settlement approval. *See, e.g.*, *McDaniel, et al., v. Qwest Commc'ns Corp., et al.*, C.A. No. CV05-1008-RRP (N.D. Ill. 2011) (Doc. 74-1).

The Court held a status conference and preliminary settlement approval hearing on July 1, 2011 and questioned the parties about various issues of concern raised by the proposed settlement (Doc. 69). After the conference, the Court requested additional briefing on a number of issues, including the following:

> --- The scope of the Court's authority under Fed. R. Civ. P. 70 to enforce a judgment against an absentee class member plaintiff.
>
> --- Authority granting the Court power to convey an easement from class members, as opposed to simply extinguishing an existing claim, through a class action settlement.
>
> --- The scope of the Court's authority under Fed. R. Civ. P. 23 to vest the claims administrator with final adjudicative responsibility over class members' claims.

(Doc. 70.) The parties submitted supplemental briefing and authority on August 5, 2011 (Docs. 72, 73) and September 9, 2011 (Doc. 74). Upon consideration of the additional briefing and authority provided by the parties, the Court called for further briefing concerning the attorney's fee award to class counsel (Doc. 75).

The parties' additional briefing and authority did not extinguish the Court's concerns regarding the proposed settlement agreement. Of particular concern was the provision in the settlement agreement providing that all owners of land underlying the

- 3 -

railroad easements on which a Settling Defendant has installed telecommunications facilities must convey an easement to the Settling Defendants. The Court stated:

> The First Amended Complaint "seeks recovery only for economic losses suffered by Plaintiff and members of the class . . . ." (Doc. 22, ¶13.) However, Section VIII(1)(h) goes beyond extinguishing the Class members' damage claims for the alleged trespass and provides that the Claims Administrator shall direct all Class Members who are Current Landowners, regardless of whether they file a Claim, to execute and deliver a Telecommunications Cable System Easement Deed to the Claims Administrator in favor of each Settling Defendant whose Telecommunications Cable System was installed on Covered Property owned by the Class Member[.] (Doc. 58, Ex. 1 at 20.)
>
> This provision grants Defendants an easement on the property of class members who do not choose to opt out of the settlement agreement, and that includes future uses, not just compensation for the past trespass. Because the amount each potential class member might be entitled to under the settlement agreement may be insignificant in individual cases, it is likely that a number of class members will deem it not worth the effort to opt out of the class or to submit a claim. Further, this grant of property rights via the Claims Administrator's conveyance—including the potential for right to future uses into perpetuity—is the effective equivalent of adjudicating a counterclaim by Defendants against the settling class members for easements on the class members' properties. This aspect of the proposed settlement may therefore go beyond the boundaries of the class action mechanism as contemplated in Fed. R. Civ. P. 23(b)(3). It is similarly unclear whether ordering this type of action falls within the Court's authority to enforce a judgment as set out in Fed. R. Civ. P. 70, or whether other authority exists to permit the Court to order such action. This conveyance pursuant to Rule 70 is not relief against any party obligated to make such a conveyance under the First Amended Complaint; it is a substitute for condemnation of a right of way against the Plaintiff Class members.

- 4 -

(Doc. 82 at 2.) The Court set a hearing on the motion for January 20, 2012 "in order to allow the parties opportunity to present argument on why the granting of easement rights under Section VIII(1)(h) should be given preliminary approval." (*Id.* at 3.)

On January 17, 2012, the parties stipulated to a dismissal of the action without prejudice (Doc. 85), stating that they have entered into a tolling agreement for the benefit of the class. Instead of entering an order on the stipulation, the Court retained the January 20, 2012 hearing date to allow the parties an opportunity to discuss options for progressing with the case (Doc. 86). At that conference, the Court outlined alternatives to dismissal that would allow the parties to maintain the class action and receive approval for a settlement, including (1) allowing the parties more time to brief the issues of concern raised by the Court regarding the proposed settlement, and (2) settlement of plaintiffs' trespass claims without the grant of an easement (Doc. 87). The parties indicated that their preferred course of action was to dismiss the action without prejudice to allow them time to consider their options. The tolling agreement (Doc. 89-1) runs to July 17, 2012, and extends thereafter until either party gives 30 days notice for its expiration.

Prior to 2003, Rule 23(e) of the Federal Rules of Civil Procedure provided that "[a] class action shall not be dismissed or compromised without the approval of the court." Therefore, parties seeking class certification and preliminary approval of a class action settlement agreement were not allowed to stipulate to dismissal of an action without judicial approval; once an action was filed, the Court had the power to oversee the litigation. This rule had the benefit of protecting potential class members once litigation had begun and helped to assure adequate representation of class members who did not participate in reaching the proposed settlement.

However, Rule 23(e) was amended effective December 1, 2003. The amended rule allows parties to a proposed class action to stipulate to dismissal of the action

without any judicial approval where the class has not yet been certified. *See* Fed. R. Civ. P. 23(e) ("The claims, issues, or defenses *of a certified class* may be settled, voluntarily dismissed, or compromised only with the court's approval.") (emphasis added). The Advisory Committee Notes to the 2003 rules amendments confirm that Rule 23(e) does not apply to settlements or dismissals that occur before class certification. Fed. R. Civ. P. 23(e) advisory committee's note ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise."). The drafters of the amendments intended to "limit the reach of judicial approval" of voluntary dismissals of class action. *See* Alexandra N. Rothman, *Bringing an End to the Trend: Cutting Judicial "Approval" and "Rejection" Out of Non-Class Mass Settlement*, 80 Fordham L. Rev. 319, 330 (citing Fed. R. Civ. P. 23, Summary of Proposed Amendments (Nov. 18, 2002) (explaining that approval "is not required if class allegations are withdrawn as part of a disposition reached before a class is certified, because in that case, putative class members are not bound by the settlement")).

The rule change, which receded from the law of most circuits, is problematic. *See, e.g.*, Gregory P. Joseph, *2003 Class Action Rules*, available at http://www.josephnyc.com/articles/viewarticle.php?17 (last accessed May 16, 2012) (noting the "ability to settle out the individual claims of the named plaintiffs creates the prospect of extortive putative class actions that are never certified" and that the opportunity to "settl[e] out the case prior to certification" may raise "significant ethical issues for counsel for the putative class"). The amended rule empowers individual plaintiffs or their counsel to wield the threat of class proceedings and then to abandon the class for the sole benefit of the individual plaintiffs or their counsel. Previously the court had some supervision over such conduct. However, with the 2003 amendment to Rule 23(e), parties are now allowed to voluntarily dismiss the action without court approval where the class has not yet been certified. Fed. R. Civ. P. 23(e).

Without inquiry the Court cannot know if the reason the Plaintiffs and their counsel are abandoning the Arizona class is to avoid scrutiny that could put many other settlements and fee awards in jeopardy. If the Court retained the power that it had prior to the 2003 rule amendment to deny this stipulation of dismissal, it would do so here, at least on the current record. However, because the class has not yet been certified, the parties are not required to obtain court approval for their voluntary dismissal. The Court must grant the parties' stipulation of dismissal.

IT IS THEREFORE ORDERED that the parties' Stipulation of Dismissal Without Prejudice (Doc. 85) is granted.

IT IS FURTHER ORDERED that this matter is dismissed without prejudice, each party to bear their own attorneys' fees and costs.

Dated this 22nd day of May, 2012.

_____
Neil V. Wake
United States District Judge

- 7 -